UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTHONY FONTE and
ANGELA FONTE,

    Plaintiffs,

v.    Case No. 8:07-cv-1086-T-24TBM

SCOTTSDALE INSURANCE COMPANY,

    Defendant.
_____/

### ORDER

    This cause comes before the Court on Plaintiffs' Motion for Order of Remand (Doc. No. 4). Defendant has filed a response in opposition (Doc. No. 5).

**I.**    **Background**

    On May 7, 2007, Anthony Fonte and Angela Fonte ("Plaintiffs") filed a complaint against Scottsdale Insurance Company ("Defendant") in the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida. In their complaint, Plaintiffs allege that on January 23, 2007, while Plaintiffs were insureds under a homowners insurance policy with Scottsdale Insurance Company, they discovered structural damage to their home (Doc. No. 2). Plaintiffs further allege that the damage to their home was caused by a covered peril under the policy, and that Defendant breached the policy of insurance by failing to pay Plaintiffs the benefits to which they were entitled for the loss (Doc. No. 2).

    On June 22, 2007, Defendant filed its notice of removal to the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. § 1446 (Doc. No. 1). On June 27, 2007, Plaintiffs filed the instant motion to remand, pursuant to 28 U.S.C. § 1447. Plaintiffs

argue that Defendant failed to show that federal jurisdiction exists by failing to adequately establish that the amount in controversy exceeds $75,000.  Defendant opposes this motion.  The parties do not dispute that they are citizens of different states for purposes of diversity jurisdiction.

**II.     Standard of Review**

"On a motion to remand, the removing party bears the burden of establishing jurisdiction."  *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996).  Because federal courts are courts of limited jurisdiction, "there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand."  *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).  The removing party must make "an affirmative showing . . . of all requisite factors of diversity jurisdiction, including amounts in controversy, at the time removal is attempted."  *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 255 (5th Cir. 1961).  "[W]here a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$75,000] jurisdictional requirement."  *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

**III.    Discussion**

To establish the requisite amount in controversy, Defendant states in its notice of removal that "[t]he matter in controversy herein exceeds the sum of $75,000 . . . [t]his fact is demonstrated by the extent of damage claimed by Anthony Fonte and Angela Fonte and their

demand for repair to their home up to the limits of the policy." Defendant relies on Plaintiffs' allegations that they are entitled to the full cost of home repairs and, "if the home is not repairable within the applicable coverage limits [$250,000], an amount equal to such limits for the total loss." Defendant further relies on Plaintiffs' allegation that they are entitled to prejudgment fees, as well as attorneys fees, court costs, and expert fees pursuant to Florida Statute § 627.428. Defendant argues that, based on the evidence set forth in its Response to Plaintiffs' Motion to Remand and the face of Plaintiffs' complaint, it has proven by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $75,000 jurisdictional requirement.

Based on the evidence propounded by Defendant in its Response to Plaintiffs' Motion for Remand (Doc. No. 5), the Court concludes that the Defendant has sustained its "burden of establishing jurisdiction" and therefore, this case should not be remanded to state court.[1] *Diaz*, 85 F.3d at 1505. Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiffs' Motion for Order of Remand (Doc. No. 4) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 2nd day of July, 2007.

Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

---

[1] The Court also notes that in Plaintiffs' Motion for Order of Remand, Plaintiffs never alleged that the amount in controversy does not exceed $75,000.